# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY STEPHENS, et. al., ) | 1:05cv1126 AWI DLB |
| ) | |
| Plaintiffs, ) | ORDER RE PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER |
| ) | |
| v. ) | (Document 27) |
| ) | |
| STANISLAUS COUNTY SHERIFF, ) et al., ) | |
| ) | |
| Defendants. ) | |

On September 13, 2006, Plaintiffs Jeremy Stephens, a minor, by and through his guardian Dorothy Shockley; Dorothy Shockley; Tisha Pleake; Jacob Stephens and Timothy Stephens, Jr. (Collectively "Plaintiffs") filed the instant motion to amend the scheduling order. The motion was heard on October 27, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. John Bell appeared on behalf of Plaintiffs. Dan Farrar appeared on behalf of Defendant Stanislaus County Sheriff ("Defendant").

**BACKGROUND**

Decedent, Timothy Stephens, was arrested by the Modesto Police on September 24, 2004, for being drunk in public. He was transported to the Stanislaus County Jail where he was placed in a holding cell, to be released when sober. Stephens was assaulted by another inmate and died on September 30, 2004, of his injuries sustained in the fight.

1    Plaintiffs filed this action on September 1, 2005 against the Stanislaus County Sheriff and
2 Deputy Sheriff. Plaintiffs allege that Defendants violated the decedent's Eighth Amendment
3 right to be free from cruel and unusual punishment. Plaintiffs assert that defendants failed to
4 afford timely medical treatment to decedent and failed to transport him immediately to the
5 hospital. Plaintiffs also contend the defendants were negligent in placing the decedent in a
6 general population cell on a "release when sober" charge. The decedent allegedly died as a result
7 of this negligence, causing Plaintiffs' harm. Plaintiffs seek monetary damages for the wrongful
8 death of Timothy Stephens.
9    The Court issued a Scheduling Order on January 30, 2006 providing the following
10 deadlines:

**Discovery Deadlines:**
Initial Disclosures: February 15, 2006
Expert Disclosure: June 1, 2006
Non Expert: August 1, 2006
Expert: October 2, 2006

**Non-Dispositive Motion Deadlines:**
Filing: October 13, 2006
Hearing: November 10, 2006

**Dispositive Motion Deadlines:**
Filing: December 15, 2006
Hearing: January 19, 2007

**Pre-Trial Conference:**
March 2, 2007 at 1:30 p.m.
Courtroom 9

**Trial:** April 17, 2007 at 9:00 a.m.
Courtroom 9

22    Plaintiffs now seek to modify this schedule to take the deposition of two deputies and
23 other personnel involved in handling decedents booking and supervision of the jail. Plaintiff
24 would also like to disclose their liability expert. Neither party has disclosed experts at this point.
25    Plaintiff contends that, "through inadvertence and human error," the assigned paralegal
26 failed to properly calendar the deadlines in the software program. The oversight was discovered
27 only when defense counsel refused to permit depositions.

Plaintiffs argue they should be able to designate experts as the sanction of not allowing their expert would be drastic and unjustified considering the harmless nature of the failure to comply with the scheduling order. Plaintiffs argue there is no evidence of bad faith and permitting their experts to testify would not disrupt the trial or prejudice defendant.

Defendant opposes the motion and argues that Plaintiffs have consistently shown a lack of diligence in all aspects of this case. Defendant points out that it was Plaintiffs who proposed the schedule they now wish to change. Defendant states that Plaintiffs have failed to serve initial disclosures and have failed to respond in a timely manner to discovery. Counsel for Defendant states that he had discussion with Plaintiffs' counsel regarding depositions in May but he heard nothing further from Plaintiffs until mid-August when counsel asked about deposing various employees. Counsel first learned that Plaintiffs wished to designate an expert at the August 29, 2006 depositions of Plaintiffs. Defendant maintains that Plaintiffs have failed to show good cause to modify the scheduling order.

## DISCUSSION

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order. Rule 16(b) states that a schedule shall not be modified except upon a showing of good cause. In this context, "good cause" has been linked with the diligence of the party requesting the modification. *See Zivkovic v. Southern California Edison* Co. 302 F.3d. 1080, 1087-1088 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). In *Zivkovic* and *Johnson*, the courts found that good cause did not exist for the requested modification because the party seeking the modification had not been diligent. Carelessness is not a basis for granting relief. *Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir.1971) (same). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).

Plaintiffs counsel apparently contemplated taking depositions in May 2006, but failed to follow through with setting the depositions or even request an extension of the cut-off until mid-August 2006, after the expiration.  While counsel's inattention to this case does not demonstrate good cause to modify the scheduling order, the Court is bound by the overarching principal that cases should be heard on their merits if possible, especially where it is possible to balance any prejudice resulting from counsel's lack of diligence.

Accordingly, Plaintiffs' motion is HEREBY GRANTED in part.  The Scheduling Order issues January 30, 2006 is HEREBY MODIFIED, as follows:

1. Plaintiffs are granted until January 30, 2007 in which to take no more than 3 depositions.  The depositions shall take place in Stanislaus County;
2. Plaintiffs shall designate their expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2), including providing a written report, on or before November 10, 2006;
3. The deposition of Plaintiffs' expert witness shall take place at Defendant's counsel's office at Plaintiffs' expense;
4. Defendant may designate a rebuttal expert witness, whose deposition shall take place prior to January 30, 2007.

IT IS SO ORDERED.

Dated:    **October 31, 2006**           **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE