1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEREMY STEPHENS, et al., | ) | 1:05cv1126 DLB |
| | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER PLAINTIFF'S |
| | ) | MOTION FOR RELIEF |
| v. | ) | (Document 48) |
| | ) | |
| STANISLAUS COUNTY SHERIFF, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

16    Plaintiffs filed the instant motion for relief from failing to file a timely opposition on

17  January 26, 2007.  The matter was heard on March 2, 2007, before the Honorable Dennis L.

18  Beck, United States Magistrate Judge.  Marty Smith appeared on behalf of Plaintiffs. Dan Farrar

19  appeared on behalf of Defendants.

20                                   **PROCEDURAL BACKGROUND**

21          Plaintiffs Jeremy Stephens, a minor, by and through his guardian Dorothy Shockley,

22  Dorothy Shockley, Tisha Pleake, Jacob Stephens and Timothy Stephens, Jr., (collectively

23  "Plaintiffs"), filed the instant civil rights action on September 1, 2005.  Plaintiffs, all relatives of

24  the decedent Timothy Stevens, allege violations of decedent's Eighth Amendment rights and

25  negligence against Defendant Stanislaus County Sheriff and Deputy Sheriff ("Defendants").

26  Plaintiffs seek monetary damages.

27          Defendants answered the complaint on October 24, 2005.

28

1

1   On December 15, 2006, Defendants filed the their instant motion for summary judgment.[1]

2   After filing a late opposition[2], the Court vacated the January 19, 2007, hearing date and allowed

3   Plaintiffs to move for relief from their untimely opposition prior to ruling on the motion.

4   Plaintiffs filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) on

5   January 26, 2007, along with supporting declarations.  Defendant opposed the motion on

6   February 7, 2007.

7   **DISCUSSION**

8   Plaintiffs bring their motion for relief pursuant to Rule 60(b), arguing that their failure to

9   respond was a result of mistake, inadvertence or excusable neglect.  Rule 60(b), however, applies

10  only to final judgments, orders or proceedings.

11  Most courts that review the failure to file an opposition, though, do so in the context of a

12  dispositive motion and apply a general excusable neglect standard.  The courts also examine why

13  the party failed to follow the applicable Local Rule, i.e., Local Rules covering electronic filing

14  and motion practice.  See Fox v. American Airlines, Inc., 389 F.3d 1291 (D.C. Cir. 2004) (failure

15  to respond to motion to dismiss was not excused by alleged failure of district court's electronic

16  case filing system to send counsel e-mail notifying him of filing of motion to dismiss, given

17  counsel's continuing obligation to monitor court docket for filings); Ghazali v. Moran, 46 F.3d

18  52, 53-54 (9th Cir. 1995) (upholding district court's dismissal of action based on pro se

19  plaintiff's failure to respond to motion to dismiss, where the record indicates that he received

20  notice and had ample time to respond).

21  Here, Plaintiffs' counsel John Bell explains that the paralegal assigned to the case, Raul

22  Gonzalez, Jr., failed to retrieve and calendar the relevant local rules, and further failed to

23  calendar the opposition due date correctly.  Mr. Bell was assured three times that Federal Rule of

24  Civil Procedure 56(c) was the correct standard regarding oppositions to summary judgment.  Mr.

25

26  [1] On December 21, 2006, the Honorable Anthony W. Ishii reassigned this case to the undersigned for all
27  purposes, pursuant to the parties' consent to the jurisdiction of the Magistrate Judge.

28  [2] Plaintiffs followed the timing set forth in Federal Rule of Civil Procedure 56(c), rather than the applicable
    motion schedule set forth in Local Rules 78-230 and 56-260.

1    Bell also states that a clerical mistake by a court reporter resulted in a delay in obtaining

2    transcripts for purposes of the opposition.  Defense counsel declined to stipulate to a two week

3    extension because of the Scheduling Conference Order, which set January 19, 2007 as the last

4    day to hear dispositive motions.

5         Mr. Bell takes full responsibility for the error, but contends that Plaintiffs have a

6    meritorious defense and that they should not be penalized based on the failures of his law office.

7    Mr. Gonzales submits a declaration supporting Mr. Bell's statements, and explaining that his

8    error was based on a good faith reading of Rule 56(c).

9         Whether the Court applies the excusable neglect standard or good cause standard, the

10   result is the same- Plaintiffs are not entitled to relief from their failure to file a timely opposition.

11   While Federal Rule of Civil Procedure 56(c) allows "opposing affidavits" to be filed the day

12   prior to the hearing, Local Rule 78-230(c) requires that oppositions be filed not less than 14 days

13   prior to the hearing date.  Mr. Bell is an experienced attorney who has undoubtedly practiced

14   before a court with a similar rule, as courts *without* such a rule are few in number.  Although he

15   asked Mr. Gonzalez about proper timing numerous times, there is no excuse for failing to take

16   the time to look for the applicable rule where doubt existed.  This is especially true given Mr.

17   Gonzalez' history in this case.  In October 2006, Plaintiffs had to move to modify the scheduling

18   order based on Mr. Gonzalez' failure to properly calendar deadlines.

19        Moreover, the Scheduling Conference Order states, at page 5:

20        All dispositive pre-trial motions shall be filed no later than December 15, 2006, and heard
          no later than January 19, 2007, in Courtroom 9 before the Honorable Dennis L. Beck,
21        United States Magistrate Judge.  In scheduling such motions, counsel shall comply with
          **Local Rules 78-230 and 56-260.**  (emphasis in original).

22
          Plaintiffs' counsel's failure to file a timely opposition is simply inexcusable and certainly
23
     cannot be characterized as either excusable neglect or good caus.  Plaintiffs' motion for relief is
24
     therefore DENIED.  The Court will proceed to the merits of Defendants' motion for summary
25
     judgment.
26
          IT IS SO ORDERED.
27
     Dated:    **March 5, 2007**              **/s/ Dennis L. Beck**
28   3b142a                                   UNITED STATES MAGISTRATE JUDGE

3