UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEREMY STEPHENS, et al., | ) | 1:05cv1126 DLB |
| | ) | |
| | ) | |
| | ) | ORDER REGARDING DEFENDANTS' |
| Plaintiffs, | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| v. | ) | (Document 33) |
| | ) | |
| STANISLAUS COUNTY SHERIFF, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Stanislaus County Sheriff and Deputy Sheriff ("Defendants") filed the instant Motion for Summary Judgment on December 15, 2006. Pursuant to the Court's March 7, 2007, Order Denying Plaintiffs' Motion for Relief From Filing an Untimely Opposition, and Local Rule 78-230(h), the Court deems the matter suitable for decision without oral argument.[1]

**PROCEDURAL BACKGROUND**

Plaintiffs Jeremy Stephens, a minor, by and through his guardian Dorothy Shockley, Dorothy Shockley, Tisha Pleake, Jacob Stephens and Timothy Stephens, Jr., (collectively "Plaintiffs"), filed the instant civil rights action on September 1, 2005. Plaintiffs, all relatives of

---

[1] On December 21, 2006, the Honorable Anthony W. Ishii reassigned this case to the undersigned for all purposes, pursuant to the parties' consent to the jurisdiction of the Magistrate Judge.

the decedent Timothy Stevens ("Decedent"), allege violations of Decedent's Eighth Amendment rights and negligence against Defendants.[2] Plaintiffs seek monetary damages..

Defendants answered the Complaint on October 24, 2005.

On December 15, 2006, Defendants filed the instant Motion for Summary Judgment. After filing a late opposition, the Court vacated the January 19, 2007, hearing date and allowed Plaintiffs to move for relief from their untimely opposition prior to ruling on the motion.

Plaintiffs filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b) on January 26, 2007. The Court denied the Motion on March 7, 2007, and informed the parties that it would proceed to the merits of Defendants' Summary Judgment Motion.

Discovery closed in August 2006, but Plaintiffs were permitted to take three additional depositions by January 30, 2007.

**UNDISPUTED FACTS**

1. Decedent, Timothy Stephens, was incarcerated in the Stanislaus County Jail on September 24, 2004. He was intoxicated. Complaint, ¶¶ 10, 13. While incarcerated, he was assaulted by another inmate and died from his injuries. Scheduling Conf. Order, Jan. 30, 2006, 3:11-13; Complaint, ¶¶ 6-7.

2. Plaintiff Dorothy Shockley is the mother of Decedent and the remaining Plaintiffs are Decedent's children. Complaint, ¶21.

3. Following the assault, Decedent received medical care at the jail and a local hospital prior to his death. Complaint, ¶ 8.

4. The Sheriff of Stanislaus County at the time of the incident was Les Weidman. Mr. Weidman did not have any personal involvement in housing Decedent. He did not have any personal involvement in placing Decedent in a holding cell. He did not have any personal involvement in any of the circumstances surrounding Decedent's death, including his post injury care. Declaration of Jennifer Hudson ("Hudson Dec."), ¶ 3.

---

[2] Plaintiffs do not name provide the names of the individuals named as Defendants. It is also unclear whether Defendants are named in their individual or official capacity.

3.     At the time of the incident, Decedent had been booked, but not convicted. Hudson Dec., ¶ 3.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and "the non moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Electric Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)(quoting Fed.R.Civ.P. 56(e)). As to the specific facts offered by the nonmoving party, the court does not weigh conflicting evidence, but draws all inferences in the light most favorable to the nonmoving party. Id. at 630-31.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c).  The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

## DISCUSSION

A.   Eighth Amendment Cause of Action

In their First Cause of Action, Plaintiffs allege that Decedent, as an intoxicated person, was in a protected class of prisoners and was owed a duty to protect him from other prisoners and himself during and after his sobering process.  Plaintiffs contend that Defendants breached this duty and therefore violated Decedent's Eighth Amendment right to be free from cruel and unusual punishment by (1) failing to timely process and release him within four to six hours, as he would not be subject to prosecution; (2) failing to separate him as an older, intoxicated inmate from the younger, more aggressive prisoners who are known to assault people incapable of caring for themselves; (3) failing to properly assess the intoxicated and poor physical condition of Decedent; (4) failing to closely supervise and/or isolate him during the sobering process; (5)

4

failing to obtain a medical clearance to hold Decedent beyond the first six hours pursuant to 15 CCR § 1056; (6) allowing and permitting Decedent to be housed with violent felony offenders rather than providing him with separate housing pursuant to California Code of Civil Procedure sections 4001 and 4002; (7) failing to properly remove and inventory the possessions of inmate Augustine, a violent felon who Defendants knew, or should have known, was foreseeably aggressive due to his transfer from another facility; and (8) failing to monitor, safeguard and protect Decedent while in their custody.

      1.    *Standing*

In moving for summary judgment, Defendants first contend that Plaintiffs lack standing to assert Decedent's constitutional rights. Plaintiffs' allege that as a result of Defendants' acts and omissions, Decedent sustained fatal injuries, and they attempt to recover on this basis. Complaint, ¶ 16. Their section 1983 claim, then, is based on a violation of Decedent's Eighth Amendment rights.

Courts have long recognized that rights under the Eighth and Fourteenth Amendments are personal rights. See Whitmore v. Arkansas, 495 U.S. 149 (1990) (only the person subject to the penalty has standing to assert an Eighth Amendment objection under the Cruel and Unusual Punishment Clause); Shelley v. Kraemer, 334 U.S. 1, 22 (1948) (rights created by the due process clause of the Fourteenth Amendment are "by its terms, guaranteed to the individual. The rights established are personal rights."). The general rule is that "only the person whose [personal] rights were violated can sue to vindicate those rights." Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 370 (9th Cir.1998).

In section 1983 actions, however, survivors of a deceased individual whose rights were violated before death may assert these personal claims on the decedent's behalf if state law authorizes a survival action. 42 U.S.C. § 1988(a); Moreland, 159 F.3d at 369. It is the plaintiff's burden to establish that applicable state law permits a survival action. Id. Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. Cal.Civ.Proc. § 377.30. Where there is no personal representative for the estate, the decedent's "successor in interest" may prosecute the survival action if the person

1  purporting to act as successor in interest satisfies the requirements under California Code of Civil
2  Procedure section 377.32.  Section 377.32 requires a person seeking to commence a survival
3  action to execute and file an affidavit setting forth specific information.
4          Here, Plaintiffs are Decedent's mother and his four children, alleged to be Decedent's
5  surviving heirs.  There is no indication, however, that Plaintiffs are suing in a representative
6  capacity as successors in interest to Decedent or as personal representatives of his estate.  Nor is
7  there any indication that Plaintiffs followed the procedure set forth in section 377.32.  In fact, the
8  Complaint does not even mention any of the applicable state statutes.  "The party seeking to
9  bring a survival action bears the burden of demonstrating that a particular state's law authorizes a
10 survival action and that the plaintiff meets that state's requirements for bringing a survival
11 action."  Moreland, 159 F.3d at 369.  Plaintiffs have failed to meet this burden.
12         The Court recognizes that the Complaint is not clear as to whether Plaintiffs allege the
13 section 1983 claim on behalf of Decedent as survivors, or whether they attempt to recover for
14 their own losses.  If it is the former, they have failed to satisfy the statutory requirements, as set
15 forth above.  If it is the latter and Plaintiffs' allegations are made in the context of a wrongful
16 death action, such recovery is not permitted under section 1983.  See Whitfield v. California,
17 2007 WL 496342 (E.D.Cal. 2007) (California wrongful death and survivor statutes do not permit
18 recovery of a decedent's pain and suffering, and therefore such damages are not recoverable
19 under section 1983.); Martinez v. County of Madera, 2005 WL 2562715, *3 (E.D.Cal. 2005)
20 ("only survival actions, not wrongful death claims, are compensable under § 1983").
21         Presumably, Plaintiffs might have amended the complaint, without prejudice to
22 Defendants, to cure this defect, however they never moved to do so and this is not the only issue
23 raised in Defendants' motion for summary judgment.
24         2.      *Application of Eighth Amendment*
25         As their second argument in support of summary judgment, Defendants correctly assert
26 that the Eighth Amendment did not apply to Decedent, who was a pretrial detainee at the time of
27 the incident that led to his death.  The Eighth Amendment's prohibition against cruel and unusual
28 punishment only protects convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535 (1979);

Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Ingraham v. Wright, 430 U.S. 651 (1977). Instead, the source of Decedent's rights is the Due Process Clause of the Fourteenth Amendment. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Although the same standards apply to prisoners' rights under the Eighth Amendment and pretrial detainees' rights under the Fourteenth Amendment, Plaintiffs' Complaint states only an Eighth Amendment claim. Again, Plaintiffs have made no attempt to amend their Complaint to remedy this deficiency. In fact, Defendants' counsel Dan Farrar states that as early as October 2005, he informed Plaintiffs' counsel that, among other deficiencies, the Eighth Amendment did not apply to the facts of the case. Declaration of Dan Farrar, ¶ 2. Despite this information, Plaintiffs never moved to amend.

Even assuming for purposes of this motion that Plaintiffs' claim was properly stated, the claim has no merit. To determine whether the conditions of Decedent's confinement constituted cruel and unusual punishment, the Court must first determine whether Decedent was deprived of the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 304 (1991). If so, a prison official may be held liable if he acted with "deliberate indifference" to a substantial risk of serious harm. Mere negligence is not sufficient to establish liability. Farmer v. Brennan, 511 U.S. 825, 835 (1994).

The evidence before the Court, including the evidence submitted in opposition to the motion, demonstrates that he was assessed prior to being placed in the M-1 holding cell for processing. Correctional officer Santos De Los Santos testified at his deposition that he assessed Decedent prior to putting him in the M-1 holding cell, and felt comfortable about his placement decision. Deposition of Santos De Los Santos, attached to Plaintiffs' Statement of Undisputed Facts, at 86. In his professional judgment, he felt that the M-1 holding cell was an appropriate place to hold Decedent until the sergeant could make further decisions about his release. Deposition of Santos De Los Santos, attached to Plaintiffs' Statement of Undisputed Facts, at 87. When Plaintiff was injured, he received treatment for his obvious facial laceration within a reasonable time at the jail. When Plaintiff went into convulsions, he was transported by ambulance to Memorial Medical Center. There is simply no evidence to suggest that Defendants

acted with deliberate indifferent in choosing Decedent's holding cell or in rendering medical care.

Nor is there any evidence of the actually policies or procedures in effect at the Stanislaus County Jail at the time of the incident. Insofar as Plaintiffs purport to rely on the report of expert William F. Naber, his statements are merely opinion not fact and are based on admittedly incomplete records.

Accordingly, because Plaintiffs lack standing and the Eighth Amendment is not applicable to this case, Defendants' motion for summary judgment is GRANTED as to Plaintiff's first cause of action pursuant to 42 U.S.C. § 1983.

B.      State Law Claim

Plaintiffs' second cause of action for negligence alleges that Defendants conducted themselves in a negligent manner with respect to the care, custody, control and medical care of Decedent.

In support of their Motion for Summary Judgment, Defendants point to California Government Code section 820.8, which provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

Plaintiffs name the Stanislaus County Sheriff and the Stanislaus County Deputy Sheriff as Defendants. As public employees, then, they cannot be held liable for the acts or omissions of other people. Section 820.8 does not, however, protect a public employee from liability for injury proximately caused by *his own* negligent of wrongful act or omission. Here, though, neither the Sheriff nor the Deputy Sheriff had any involvement in the acts that lead to Decedent's death. Declaration of Jennifer Hudson, ¶ 3. A plaintiff cannot state a cause of action against a superior merely for the negligent act or omissions of subordinate public employees. Rather, the liability of the superior must be found in his personal fault, i.e., by personally participating in, or encouraging, the acts complained of. Martinez v. Cahill, 215 Cal.App.2d 823, 824 (1963).

1  Plaintiffs' Complaint wholly fails to allege any direct, personal involvement by either
2  Defendant.[3]
3      Defendants further argue that to the extent this action can be construed as one against the
4  County of Stanislaus, California Government Code section 844.6 provides immunity.  Section
5  844.6(a) provides that a public entity is not liable for an injury caused by a prisoner or an injury
6  to a prisoner.  Under the facts of this case, it is undisputed that the injury to Decedent was caused
7  by a prisoner and immunity is therefore conferred on the County by way of section 844.6.  For
8  the same reasons that no personal involvement can be found under section 820.8, no personal
9  involvement can be found under 844.6(d) (allowing a public employee to be held liable for injury
10 proximately caused by his negligent act or omission).
11     Defendants also contend, and this Court agrees, that the exception found in section 845.6
12 does not apply.  Section 845.6 confers liability on a "public employee, and the public entity
13 where the employee is acting within the scope of his employment, if the employee knows or has
14 reason to know that the prisoner is in need of immediate medical care and he fails to take
15 reasonable action to summon such medical care."  The Complaint states that Plaintiff was
16 examined and treated at the jail, and there is no evidence before the Court to suggest any failure
17 to take reasonable action.
18     Therefore, based on the allegations in the Complaint, Defendants are immune from
19 liability and the summary judgment motion as to the second cause of action is GRANTED.
20     Defendants' Motion for Summary Judgment is GRANTED.  Judgment SHALL BE
21 entered against Plaintiffs and in favor of Defendants.
22     IT IS SO ORDERED.
23     **Dated:   March 27, 2007**          **/s/ Dennis L. Beck**
   3b142a                               UNITED STATES MAGISTRATE JUDGE

---

[3] At times, Plaintiffs have indicated that their negligence cause of action is based on the implementation of policies and procedures, in a likely attempt to circumvent the immunity conferred by section 820.8 and to state a Monell claim.  However, the Complaint contains no such allegations and the Court cannot assume these allegations for purposes of analyzing this summary judgment motion.  Moreover, as explained above, there is no evidence before the Court of the policies and procedures in effect at the time of the incident.